KAREN NELSON MOORE, Circuit Judge,
concurring in part and dissenting in part.
In affirming the district court’s grant of summary judgment for RTM on Ozier’s discrimination claim, the majority states that Tierney’s testimony concerning Ozier’s supposed lack of initiative is “unrefuted in the record” and, therefore, that the district court properly determined that Ozier was unqualified for the promotion that he sought. On the contrary, however, the record reflects that, prior to Tierney’s arrival at the Cork Street restaurant, Ozier had received consistently positive per *379 formance reviews, had been made a team trainer, and had been recommended by-several supervisors for management training. Joint Appendix (“J.A.”) at 291 (Ozier Dep. at 35-37); J.A. at 312-13 (Tierney Dep. at 54-58).
Moreover, our precedents demonstrate that the majority’s reliance on Tierney’s testimony is misplaced. In Wexler v. White’s Fine Furniture, Inc., 317 F.3d 564 (6th Cir.2003) (en banc), we held that, “[a]t the prima facie stage, a court should focus on a plaintiff’s objective qualifications to determine whether he or she is qualified for the relevant job.” Id. at 575 (citing Aka v. Washington Hosp. Ctr., 156 F.3d 1284, 1298 (D.C.Cir.1998) (en banc) (pointing out that “an employer’s asserted strong reliance on subjective feelings about the candidates may mask discrimination”)). Accordingly, I would hold that the evidence establishes a genuine issue of material fact concerning Ozier’s qualifications and would affirm the district court’s grant of summary judgment only on the ground that Ozier failed to establish the fourth prong of a prima facie case by demonstrating that a similarly situated non-African-American employee was promoted. I therefore concur only in the court’s judgment as to this claim.
I also disagree with the majority’s holding that Ozier has failed to establish the fourth (causation) prong of a prima facie case of retaliation. In support of that holding, the majority states that “Ozier has submitted no evidence other than temporal proximity” to show causation. Again, however, the majority’s statement is at odds with the record, which reveals not only that Ozier was fired soon after complaining of Tierney’s racial bias but also that Tierney referred to Ozier’s complaints in terminating his employment. J.A. at 114-15 (Ozier Dep. at 54-55). I would hold that this additional evidence is sufficient to establish the causation element of the prima facie case.
The majority further concludes that Ozier has not shown evidence of pretext to rebut RTM’s asserted, non-retaliatory reason for his termination. The Supreme Court has, however, held that the evidence proffered in support of a plaintiff’s prima facie case may also be considered when determining the issue of pretext:
A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff’s initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant’s explanation is pretextual. Indeed, there may be some cases where the plaintiff’s initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant’s explanation.
Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); see also St. Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (“The factfinder’s disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination.’’); Cantrell v. Nissan N. Am. Inc., 145 Fed.Appx. 99, 107 & n. 2 (6th Cir.2005) (“We hold that the same circumstances which established a causal connection between Cantrell’s protected activity and her termination also serve as sufficient evidence to [establish pretext].”). Because, therefore, I would hold that Ozier’s evidence both establishes a prima facie case and demonstrates pretext, I respectfully dissent from the court’s affirmance of the grant of sum *380 mary judgment for RTM on Ozier’s retaliation claim.
Finally, I believe that the majority errs in affirming the district court’s grant of summary judgment for RTM on Ozier’s claim under the Bullard-Plaweeki Right to Know Act (the “Right to Know Act”), Mich. Comp. Laws § 423.501 et seq. It is true that an employer that loses an employee’s file before the employee requests it cannot be said to possess the file at the time of the request. In this case, however, it is undisputed that RTM had possession of Ozier’s file at the time of his request and only later claimed to have misplaced it while transferring it to a storage facility. If the Right to Know Act is to have any force at all, it must impose upon an employer some affirmative duty to safeguard an employee’s file once it has been requested, at least until the employer has ascertained that the requesting employee has actually received the relevant documents. Otherwise, unscrupulous employers are likely to “lose” files deliberately rather than produce them.[2] Accordingly, I respectfully dissent from the court’s affirmance of the grant of summary judgment on Ozier’s Right to Know Act claim.

. There is no definitive evidence here that RTM deliberately misplaced Ozier’s file, but the oddly coincidental loss of the file shortly after Ozier requested it, combined with Ozier’s assertion that he never received the copy allegedly sent to him, give rise at least to an inference favoring his claim. Moreover, we must consider the import of our rulings for future cases and the likely influence of those holdings on future parties' behavior.